**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2537
_____

WILLIAM DEW,

Appellant

v.

S. COLUMBIA TERRACE, LLC; THE RIVER CLUB

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:20-cv-00344)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2021
Before:  AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 3, 2021)
_____

OPINION*
_____

PER CURIAM

 Pro se appellant William Dew appeals the District Court's dismissal of his

complaint, which raised claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

et seq. For the reasons that follow, we will affirm the District Court's judgment.

I.

In January 2020, Dew filed a complaint in the District Court against South Columbia Terrace, LLC ("SCT"), seeking intervention in a completed state court eviction matter and bringing an FHA claim. The District Court granted Dew's application to proceed in forma pauperis, screened his complaint, and dismissed it with leave to amend. Dew filed a letter with exhibits and an amended complaint, in which he dropped his request for intervention in the state court matter but continued to pursue an FHA claim against SCT. Dew maintained that in 2015, SCT purchased the building in which Dew had been renting an apartment. In 2019, Dew was evicted from his apartment for non-payment of rent after a judgment of possession was entered against him in state court. Dew alleged that SCT discriminated against him based on his source of income and because "his race (Black) [was] also a factor in [SCT's] adverse action." See Second Am. Compl. at ECF p. 8. He also alleged that SCT had not rented to Black or Hispanic tenants since purchasing the building in 2015. The District Court dismissed Dew's amended complaint, again without prejudice and with leave to amend.

Dew then filed a second amended complaint, the operative complaint here. He added a new defendant, the River Club, and alleged that when he was searching for housing in November 2019, the River Club's website stated that it did not accept Section 8 housing vouchers, which he alleged to be discriminatory. Dew did not add new allegations against SCT. In an order, the District Court dismissed Dew's second amended complaint with prejudice.

2

Dew filed a motion for reconsideration, arguing that a new law was passed in New Jersey several days after he filed his initial complaint and that SCT should have accepted his subsidized housing voucher. He also claimed he could show discrimination under a disparate impact theory, attaching a document with the names of the tenants in his rental building in 2015. He maintained that many tenants had moved out under unspecified mysterious circumstances and that all of the new tenants in the building were white, which Dew argued was not representative of the surrounding community. The District Court denied his motion. Dew timely appealed both the dismissal of his complaint and the denial of his motion for reconsideration.[1]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Dew's claims. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). We review the denial of a motion for reconsideration for abuse of discretion. See Max's

---

[1] Because the District Court's dismissal order contained the reasoning for its disposition, it did not comply with the separate judgment rule set forth in Federal Rule of Civil Procedure 58(a). See Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 187 (3d Cir. 2015) (explaining that an order must "at least substantially omit" reasoning to be considered a separate document) (citation omitted). Thus, the District Court's judgment was not entered until 150 days after the order was entered on the docket, and Dew's notice of appeal was timely filed as to both the dismissal order and the order denying reconsideration. See Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 58(c)(2)(B).

Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

III.

We agree with the District Court's dismissal of Dew's complaint. For Dew's disparate treatment claim under the FHA against SCT, Dew made no specific factual allegations in any of his three complaints to explain why he believed that SCT had discriminated against him based on his race, despite the District Court's repeated recitations of the relevant standards. See Cmty. Servs., Inc. v. Wind Gap Mun. Auth., 421 F.3d 170, 177 (3d Cir. 2005).

For his disparate impact claim against SCT, Dew's bare allegation that SCT had not rented to new Black or Hispanic tenants since purchasing the building in 2015 is not sufficient to state a claim of FHA discrimination, as "a disparate-impact claim that relies on a statistical disparity must fail if the plaintiff cannot point to a defendant's policy or policies causing that disparity." See Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc., 576 U.S. 519, 542 (2015). As the District Court explained, Dew's complaints included no allegations that described if any Black or Hispanic individuals applied to rent an apartment in his former building after 2015, as opposed to individuals from other racial groups, and, if their applications were denied, how that may have been due to any policy of SCT's.

Dew's claim against the River Club also fails. To the extent that Dew sought to bring a disparate treatment claim against the River Club, his sole allegation of discrimination was that the River Club did not accept subsidized housing vouchers, based on a statement from the organization's website. However, Dew has not explained in his

4

complaint how he could maintain a federal discrimination claim based on his source of income. To the extent that Dew's brief allegations can be construed to allege a disparate impact claim, as explained above, plaintiffs seeking to bring such FHA claims must allege that a defendant's policy has a disparate impact on a protected class. Dew made no allegations in his complaint that the River Club's policy had a disparate impact on any group of people and cannot state a claim of FHA discrimination on his bare allegations.[2] See Inclusive Cmtys, 576 U.S. at 543. The District Court did not abuse its discretion in denying Dew further leave to amend his complaint where he had previously been given several opportunities to clarify his allegations. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

The District Court also did not abuse its discretion in denying Dew's motion for reconsideration, which was not based on a proper ground for reconsideration, such as an intervening change in law, newly discovered evidence, or "the need to correct a clear error of law or fact or to prevent manifest injustice." See Max's Seafood Café, 176 F.3d at 677. Because all of the factual allegations in Dew's motion for reconsideration, some of which were drawn from publicly accessible websites, were available at the time he filed his amended and second amended complaints, and he cited no new federal law, the District Court properly concluded that Dew did not rely on new evidence or new law in

---

[2] Dew argues in his appellate brief that an investigator who was looking into housing discrimination at his former building failed to adequately investigate his claim and that the investigation was flawed. See Appellant's Br. at p. 1-6. He argues that a proper investigation could reveal the facts he needs to state a claim of discrimination. However, because Dew has not challenged the District Court's reasoning based on the facts he has alleged, these arguments do not aid his appeal.

seeking reconsideration.[3] See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602

F.3d 237, 252 (3d Cir. 2010) ("[N]ew evidence in [the context of a motion for

reconsideration] means evidence that a party could not earlier submit to the court because

that evidence was not previously available.").

Accordingly, we will affirm the judgment of the District Court

---

[3] We understand Dew to be alleging only federal discrimination claims. Even if we were to liberally construe Dew's allegations as seeking relief under state law, because he cannot state a federal claim, we would not consider such a claim. See 28 U.S.C. § 1367(a); Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009).